IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| JAMES DYLAN UHDE, <br><br> Plaintiff, <br><br> vs. <br><br> LINDA R. READE, <br><br> Defendant. | No. 21-CV-0081-JAJ-MAR <br><br> **ORDER** |

This matter is before the Court on a collection of filings (Dkt. Nos. 1, 1-1, 1-2) which the clerk of court docketed as a pro se motion to proceed in forma pauperis, a pro se complaint, and a pro se supplement. The plaintiff, James Uhde, was previously sentenced to 234 months' incarceration by this court following his plea of guilty to distribution and aiding and abetting the distribution of ecstasy and cocaine causing the death of another person. *See United States v. Uhde*, 06-CR-0042-LRR-MAR, Dkt. No. 98 (N.D. Iowa 2007).[1] Plaintiff's complaint alleges "neglect of federal procedures [and] cruel [and] unusual punishment pain and suffering" by U.S. District Judge Linda Reade. Dkt. No. 1-1 at 1. His supplement also includes a "motion" stating:

> For Speedy Trial [and] or jury trial cruel [and] unusual punishment of James-Uhde [and] neglect of federal procedure [and] pain [and] suffering civil action law sit of Linda R. Reade on case # CR00042-LRR-MAR reduce sentencing – compassionate release by James-Dylan-Uhde Document # 103 USA v. Uhde et. al. on going case.

Dkt. No. 1-2 at 7 [sic]. The court assumes these filings are an attempt to file a suit pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

---

[1] Plaintiff has filed numerous post-judgment motions in that case, which the court has denied. *See* 06-CR-0042-LRR-MAR, Dkt. Nos. 104, 108, 111, 115, 117.

There are a multitude of issues with plaintiff's filings. First, plaintiff, who is currently incarcerated in the Colorado Department of Corrections, failed to pay the statutory filing fee of $402. *See* 28 U.S.C. § 1914(a) (requiring filing fee).[2] However, he did include a partial motion to proceed in forma pauperis. In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). The filing submitted by plaintiff (Dkt. No. 1) is not signed nor does it include a certified copy of his prison trust accounts or equivalent document. In some instance the court would give plaintiff additional time to file an amend motion to proceed in forma pauperis which complies with the rules. However, for the reasons set out below, plaintiff's complaint fails as a matter of law. Accordingly, the court will not give the plaintiff time to file an amended motion.

Second, plaintiff only signed one of his filings, the "motion." Dkt. No. 1-2 at 7. This is a violation of Federal Rule of Civil Procedure 11(a), which requires a party proceeding pro se to personally sign all filings. Third, plaintiff has failed to provide the court a short and plain statement of his claim. *See* Fed. R. Civ. P. 8(a)(2). Rather, if anything, the documents submitted by the plaintiff simply list legal phrases unmoored from any claim or allegation that the actions of the defendant infringed plaintiff's constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009), stating, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."

---

[2] The § 1983 fee includes the $350 filing fee set out by 28 U.S.C. § 1914(a) and the additional $52.00 administrative fee required when filing all civil actions. *See* 28 U.S.C. § 1914, *Judicial Conference Schedule of Fees*, No. 14 ("Administrative fee for filing a civil action, suit, or proceeding in a district court, $52 . . ..").

2

Fourth, reading all of plaintiff's statements together, he seems to either be upset about his underlying federal conviction or the fact that he was denied compassionate release. However, "a § 1983 action will not lie when a state prisoner challenges 'the fact or duration of his confinement,' *id.*, at 489, 93 S.Ct. 1827, and seeks either 'immediate release from prison,' or the 'shortening' of his term of confinement, *id.*, at 482, 93 S.Ct. 1827." *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). Similarly, in *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court stated that:

> when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.*, at 487.[3] Based on that rationale, plaintiff cannot bring a civil rights claim challenging the facts or duration of his federal conviction until and unless it has been invalidated.

Fifth, and finally, judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Courts that have considered the issue have also found that federal judges are immune from *Bivens* suits seeking injunctive relief. *See Fell v. Koph*, No. 8:21-CV-26, 2021 WL 2562382, at *3 (D. Neb. Apr. 22, 2021) (collecting cases). Judge Reade's actions related to plaintiff's underlying conviction, and

---

[3] By its terms, *Heck* applies to state court prisoners. However, subsequent case law has applied *Heck* both to federal prisoners bringing § 1983 claims and prisoners filing claims under *Bivens*. *See e.g., Washington v. Sorrows*, 107 F.3d 876 (8th Cir. 1997) (unpublished); *Hilario v. Marianna*, 561 F. App'x 821, 822 (11th Cir. 2014) (unpublished); *Lora-Pena v. F.B.I.*, 529 F.3d 503, 505, n.2 (3d Cir. 2008) (observing that § 1983 and *Bivens* claims brought by a federal prisoner could be *Heck* barred, although they were not in that case); *Kaplan v. Miller*, 653 F. App'x 87, 90 (3d Cir. 2016) (applying *Heck* to a federal prisoner raising § 1983 claims).

the denial of his motion for compassionate release, were judicial in nature and thus she is immune from suit.

For these reasons, plaintiff's case is not properly before the court, and even if it were, it fails as a matter of law. Accordingly, plaintiff's motion to proceed in forma pauperis (Dkt. No. 1) is **denied** and this case is **dismissed.**[4]

**DATED** this 15th day of September, 2021.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

---

[4] This dismissal will count as a strike pursuant to 28 U.S.C. § 1915(g). *See Brown v. Sage*, 941 F.3d 655, 663 (3d Cir. 2019), *cert. denied*, 140 S. Ct. 1303, 206 L. Ed. 2d 380 (2020) (complaints that are denied pursuant to 28 U.S.C. § 1915(A) prior to formal filing count as strikes pursuant to § 1915(g)); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020) (prisoner complaints denied for failure to state a claim, as frivolous, or as malicious, count as strikes pursuant to § 1915(g) even if they are denied without prejudice).